UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MODICA, individually and on behalf of other similarly situated current and former employees and as proxy for the LWDA,<br><br>    Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC., a Delaware corporation; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 2:19-cv-00370-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Jennifer Modica's ("Plaintiff") Motion for Preliminary Approval of Class Action Settlement. (ECF No. 16.) The operative First Amended Complaint, filed January 15, 2020, alleges several class and representative causes of action: (1) Failure to Furnish Accurate Wage Statements in violation of California Labor Code § 226(a); (2) Failure to Properly Pay Overtime Wages in violation of California Labor Code § 510; (3) Failure to Properly Pay Sick Leave Wages in violation of California Labor Code § 218.5; (4) Failure to Pay All Wages Due and Owing on Separation in violation of California Labor Code §§ 201, 202; (5) Unfair Business Practices in violation of California Business and Professions Code § 17200; and (6) a Private Attorney General's Act ("PAGA") claim. (*See generally* ECF No. 13.) Plaintiff also alleges individual causes of action for failure to provide personnel and payroll records. (*Id.*) Defendant

denies Plaintiff's allegations in their entirety, contends it has complied with the law, and has asserted numerous affirmative defenses. (ECF No. 16-3 at 21.)

On November 14, 2019, the Parties participated in a mediation before mediator David Rotman. (ECF No. 16-1 at 10.) At the close of the mediation, the parties agreed to a Memorandum of Understanding ("MOU") from which Defendant had one week to withdraw. (*Id.* at 11.) On November 20, 2019, Defendant confirmed its agreement to the MOU. (*Id.*) On January 22, 2020, after several weeks of further negotiations, the parties executed the Settlement Agreement. (*Id.*) Plaintiff filed the instant motion for preliminary approval on January 31, 2020. (ECF No. 16.) Defendant filed a statement of non-opposition on February 20, 2020. (ECF No. 17.)

The Court has carefully considered Plaintiff's motion and all relevant documentation including the proposed Settlement Agreement (ECF No. 16-3 at 16, Ex. A) and proposed Notice to Class Members (ECF No. 16-3 at 51, Ex. 1).[1] For the reasons set forth below, the Court GRANTS Plaintiff's unopposed motion.

**1.    SETTLEMENT CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL**

In order for the Court to properly certify a class, a plaintiff must meet all of the prerequisites of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). Fed. R. Civ. P. 23; *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Rule 23(a) requires the following:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1]     All terms used in this Order shall have the same meanings given those terms in the parties' Joint Stipulation of Class and Representative Action Settlement Agreement and Release of Claims ("Settlement Agreement" or "Settlement").

Fed. R. Civ. P. 23(a). These factors are known as "numerosity," "commonality," "typicality," and "adequacy," respectively. Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b). Where the parties have entered into a settlement agreement before class certification, district courts "must pay 'undiluted, even heightened, attention' to class certification requirements...." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

The Court preliminarily and conditionally approves the following class for settlement purposes only, subject to a final fairness hearing and certification of the settlement class, under the Federal Rules of Civil Procedure and related case law:

> The Class of employees covered by the Parties' Settlement consists of all current and former California non-exempt employees of Defendant who (i) worked double time or used paid sick leave during a workweek when he/she also earned shift differentials, non-discretionary bonuses, or other remuneration on at least one occasion between October 1, 2017 and the earlier of preliminary approval or March 13, 2020; and/or (ii) received a wage statement during a pay period when he/she either (i) earned shift differentials and/or (ii) worked overtime between January 22, 2018 and the earlier of preliminary approval or March 13, 2020.

(ECF No. 16-3 at 21–22, ¶ 14.) Pursuant to Federal Rules of Civil Procedure, Rule 23, and for purposes of settlement only, the following Subclasses, are preliminarily and conditionally certified:

> (1) All current and former California non-exempt employees of Defendant who worked more than twelve (12) hours in a workday and/or more than eight (8) hours on the 7th consecutive day worked in the workweek during a workweek when he/she also earned shift differentials, non-discretionary bonuses, or other remuneration on at least one occasion between October 1, 2017 and the earlier of preliminary approval or March 13, 2020 (the "DoubleTime Subclass");
>
> (2) All current and former California non-exempt employees of Defendant who were eligible for and used paid sick leave during a workweek when he/she also earned shift differentials, non-discretionary bonuses, or other remuneration on at least one occasion between October 1, 2017 and the earlier of preliminary approval or March 13, 2020 (the "Sick Pay Subclass");
>
> (3) All individuals who are members of the DoubleTime Subclass and/or the Sick Pay Subclass and separated from employment at any time between October 1, 2017

and the earlier of preliminary approval or March 13, 2020 (the "Former Employee Subclass"); and

(4) All current and former California employees of Defendant who received a wage statement during a pay period when he/she either (i) earned shift differentials and/or (ii) worked overtime between January 22, 2018 and the earlier of preliminary approval or March 13, 2020 (the "Wage Statement Subclass").

(ECF No. 16-3 at 21–22, ¶ 14.)  For purposes of preliminary approval, the Court finds that the settlement class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3).  The approximately 1,119 individuals who purportedly fall within the class (277 DoubleTime Subclass Members, 330 Sick Pay Subclass Members, 51 Former Employee Subclass Members, and 1,119 Wage Statement Subclass Members) are sufficiently numerous and would make joinder impracticable.  (*See* ECF No. 16-3 at 20, ¶ 11.)  The commonality and predominance requirements are met since there are questions of law and fact common to the class and that predominate over individualized issues, which include the following alleged policies and practices: Defendant's failure to include other remuneration when calculating doubletime and sick pay, resultant failure to timely pay all wages due and owing at separation, and provision of itemized wage statements missing critical necessary information. Additionally, settlement class members seek the same remedies under state law.  The typicality requirement for settlement purposes is also satisfied since the claims of Plaintiff — the named class representative in this case — arise from the same factual basis and are based on the same legal theory as those applicable to the purported class members.

Furthermore, the Court finds that a class action is superior to other forms of adjudication. Indeed, a class action avoids the inefficiency of each class member litigating similar claims individually.  And this settlement will achieve economies of scale for class members with relatively small individual claims and conserve the resources of the judicial system.

The Court also finds that Plaintiff Jennifer Modica and her counsel, Mayall Hurley P.C., by and through Lead Counsel Robert J. Wasserman and Jenny D. Baysinger, are adequate representatives of the settlement class and subclasses.  Plaintiff provides that neither Plaintiff nor Class Counsel have conflicts with the class or subclass members, and it appears to the Court that Plaintiff and counsel have prosecuted the action vigorously up to this point, and nothing indicates they will not continue to do so.

1 The Court therefore preliminarily approves them as class representative and class counsel, respectively.

2 With respect to the provisionally-certified class for settlement purposes, if the Settlement does not become final for any reason, the fact that the parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with the issue of whether a class should be certified in this action in a non-settlement context.  The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against the parties, or in this action if the Settlement is not finally approved.

### 2. PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

FRCP 23(e) provides that "[a] class action shall not be dismissed or compromised without the approval of the court . . .." Fed.R.Civ.P. 23(e) (2003).  The purpose of preliminary evaluation of proposed class action settlements is to determine whether the terms of the settlement are within a range of possible judicial approval.  *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 448 (E.D. Cal. 2013) (citing Newberg on Class Actions (4th ed. 2002) § 11.26).  In reviewing the proposed settlement, the Court does not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute . . .." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir.1992).  Instead, the Court weighs several factors, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; and (6) the experience and views of counsel.  *Id.*; *see also Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 301 (E.D. Cal. 2011).

"Given that some of these 'fairness' factors cannot be fully assessed until the Court conducts the final approval hearing, 'a full fairness analysis is unnecessary at this stage.'" *Tijero v. Aaron Bros., Inc.*, 301 F.R.D. 314, 324 (N.D. Cal. 2013) (*quoting Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008)).  Preliminary approval of a settlement and notice to the proposed class is appropriate if: "[1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] [it] has no obvious deficiencies, [3] [it] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] [it] falls with[in] the

1  range of possible approval...." *Collins*, 274 F.R.D. at 301–02 (quoting *In re Tableware Antitrust*
2  *Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

3        The Court has reviewed the Settlement Agreement (ECF No. 16-3 at 16, Ex. A).  To briefly
4  summarize, Defendant will pay $1,500,000 — the Maximum Settlement Amount ("MSA") — to
5  resolve the claims of Participating Class Members.  The MSA will be deposited into a Qualified
6  Settlement Fund within 7 calendar days of the Effective Date and does not include Employer-side
7  Taxes, which will be separately paid by Defendant.  After deducting the costs of administering the
8  Settlement, the payment to the LWDA, Service Payment to Plaintiff, and fees and costs of Class
9  Counsel, $938,500 (the Net Settlement Amount or "NSA"), will be distributed to Participating Class
10 Members.

11       The Class Notice will be mailed to Class Members within 28 calendar days after the Court's
12 entry of the Order of Preliminary Approval.  Each Participating Class Member is entitled to a share
13 of the NSA without the need to complete a claim form.  Class Members will receive a Class Notice
14 informing them of the terms of the Settlement, the right to opt-out or object, and an estimate of
15 his/her share of the NSA.  All Class Members will be a Participating Class Member and receive a
16 payment unless he/she opts out.

17       Within 14 calendar days of the Court's entry of the Order of Preliminary Approval,
18 Defendant shall provide the Settlement Administrator with the Class List containing each Class
19 Member's: (i) name, (ii) last known address and telephone number, (iii) social security number, (iv)
20 dates of employment, and (v) pay period data.  Settlement Shares shall be based upon the number of
21 workweeks worked by Participating Class Members during the Class Period, with DoubleTime and
22 Sick Pay Subclass Members receiving credit for 1.025 workweeks for each workweek actually
23 employed.

24       For purposes of taxes and required withholdings, the parties have agreed that (1) 100% of the
25 amount distributed to each Participating Wage Statement Subclass Member who is not a member of
26 any other subclass shall constitute penalties (for which an IRS Form 1099 shall be issued); (2) 100%
27 of the $500 paid to each and Former Employee Subclass Member shall constitute penalties (for
28 which an IRS Form 1099 shall be issued); (3) 1% of each Participating DoubleTime and Sick Pay

1 Subclass Member's Settlement Share shall constitute wages (for which an IRS Form W-2 shall be
2 issued), 49.5% shall constitute interest, and 49.5% shall constitute penalties (for which an IRS Form
3 1099 shall be issued).  Employer-side Taxes will be paid separately by Defendant (in addition to the
4 MSA).

5       The Court finds on a preliminary basis that the Settlement Agreement appears to be fair,
6 reasonable, and adequate.  *See* Fed. R. Civ. P. 23(e)(2).  Plaintiff asserts — and Defendants do not
7 oppose — that the parties engaged in substantial investigations and both formal and informal
8 discovery.  The Settlement Agreement terms were reached after negotiation and mediation before a
9 neutral mediator.  Class counsel has thoroughly weighed the strengths and weakness of the case and
10 has assessed the risks of continued litigation.  There is no evidence of collusion between the parties
11 and the Settlement Agreement appears to have been entered into only after substantial investigation
12 that enabled the parties to make a reasoned and informed decision regarding settlement.  The
13 Settlement Agreement does not give any improper preferential treatment to Plaintiff, their counsel, or
14 a particular segment of the settlement class.  Additionally, it appears Class Counsel is experienced in
15 this area of law, which further weighs in favor of preliminary approval.  The Court also
16 acknowledges that class members may object to the settlement or may opt-out of being bound by the
17 preliminarily approved class settlement.

18       Because the Court finds the parties' settlement to have been agreed upon only after extensive
19 and costly investigation, arms-length negotiations in mediation, and in an attempt to avoid further
20 delays and costs, the Court preliminarily approves the proposed Settlement, which is incorporated by
21 reference in its entirety, as if stated here in full.  The monetary relief described herein is provisionally
22 and conditionally approved as adequate and valuable consideration in support of the release of all
23 known and unknown claims, and the Court preliminarily approves the proposed release of claims as
24 set forth in the Settlement Agreement.  (ECF No. 16-3 at 40–42.)

25       The Court orders and approves Phoenix Class Action Administration Solutions ("Phoenix")
26 as the Settlement Administrator.  Phoenix shall administer the Settlement in accordance with the
27 terms set forth in the Settlement Agreement and perform the functions set forth therein.  The Court
28

also preliminarily approves declared fees and costs of administering the Settlement of up to $14,000, to act as the Claims Administrator in this case.

Subject to further consideration by the Court at the time of the Final Approval Hearing, the proposed PAGA allocation and payment to the LWDA is preliminarily approved.  Subject to further consideration by the Court at the time of the Final Approval Hearing, the proposed Service Payment of $15,000, or 1% of the Maximum Settlement Amount, to Plaintiff for her service as Class Representative is preliminarily approved.  Subject to further consideration by the Court at the time of the Final Approval Hearing, Class Counsel's request of attorneys' fees in the amount of one-third of the Maximum Settlement Amount, or $500,000, and declared costs of up to $25,000, are preliminarily approved.

### 3.   APPROVAL OF THE NOTICE AND DISTRIBUTION TO THE CLASS

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025.  For classes certified under FRCP 23(b)(3), the Court must direct to class members "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  Pursuant to FRCP 23(c)(2)(B), the notice must clearly and concisely state as follows:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Court finds that the proposed Class Notice (ECF No. 16-3 at 51) includes the elements required under Rule 23(c)(2)(B).  The proposed Class Notice fairly and adequately advises the potential class members by (1) identifying the parties; (2) describing the claims and the Class Action in a straightforward manner; (3) succinctly describing the essential

terms of the Settlement, including the Class Representative's proposed Service Payment and the amount Class Counsel will request for attorneys' fees and costs; (4) identifying the claims to be released; (5) identifying all parties against whom claims are being released; (6) providing information on how to participate in, opt out of or object to the Settlement; (7) clearly providing all applicable deadlines for such action; (8) informing Class Members of the consequences of excluding themselves; and (9) advising Class Members that, if they choose to participate and the Settlement is approved, they will be bound by the resulting judgment. Further, the Class Notice clearly explains the manner in which Class Members can obtain further information (e.g., from Class Counsel, through the Court's website, or the Administrator's website) and that the Final Approval Hearing may be moved without further notice.  In short, the Class Notice provides Class Members with all of the necessary information to make an informed decision.

      The Court further finds that Class Notice and proposed distribution of such notice by direct mail to each identified class member at their most recent address based on Defendant's records and additional skip traces as necessary comports with all constitutional requirements, including those of due process.

### 4. IMPLEMENTATION SCHEDULE

      Accordingly, with good cause shown, the Court hereby approves and orders the following implementation schedule:

| | |
|---|---|
| Defendant to provide Class List to the Administrator | Within 14 calendar days of the Court's execution of the Order Granting Preliminary Approval |
| Administrator to mail Class Notice and establish the website | Within 14 calendar days of its receipt of the Class List from Defendant |
| Deadline for Class Members to object to, or opt out of, the Settlement | Within 45 calendar days after the mailing of the Class Notice |
| Plaintiff to file Motion for Attorneys' Fees, Costs and Service Payment | Not less than 35 calendar days after the mailing of the Notice |
| Deadline for Plaintiff to file Motion for Final Approval | Not less than 28 calendar days before the Final Approval hearing |

| Final Approval Hearing | Not less than 95 days after the Court's execution of the Order Granting Preliminary Approval |
|---|---|

The Court hereby sets a hearing for final approval of the Settlement Agreement and certification of the settlement class on **December 17, 2020**, at 2:00 p.m., with briefs and supporting documentation to be filed no later than **November 18, 2020**.

IT IS SO ORDERED.

DATED:  August 18, 2020

Troy L. Nunley
United States District Judge