1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10   JENNIFER MODICA, individually and on behalf          Case No.:  2:19-cv-00370-TLN-JDP
     of other similarly situated current and former
11   employees and as proxy for the LWDA,
                                                          **ORDER GRANTING FINAL APPROVAL**
12                                                        **OF CLASS AND ACTION SETTLEMENT,**
             Plaintiff,                                   **MOTION FOR ATTORNEYS' FEES,**
13                                                        **COSTS, SERVICE PAYMENT, AND FINAL**
     v.                                                   **JUDGMENT**
14
     IRON MOUNTAIN INFORMATION
15   MANAGEMENT SERVICES, INC., a Delaware
16   corporation; and DOES 1-100, inclusive,

17           Defendants.

18

19           Plaintiff Jennifer Modica's ("Modica" or "Plaintiff") Motion for Final Approval of Class and

20   Action Settlement ("Motion for Final Approval") and Motion for Attorneys' Fees, Costs, and Service

21   Payment ("Fee Motion") came on for hearing on December 17, 2020, at 2:00 p.m., before the honorable

22   Troy L. Nunley, District Judge, United States District Court for the Eastern District of California.  Jenny

23   D. Baysinger appeared on behalf of Plaintiff and Jonathan Brophy appeared on behalf of Defendant Iron

24   Mountain Information Management Services, Inc.  The Court, having fully and carefully considered

25   Plaintiff's Motion for Final Approval and Fee Motion, the memoranda and declarations in support

26   thereof, the Parties' Settlement Agreement, and the oral arguments made at the hearing, hereby makes

27

28

1  the following determinations and orders[1]:

2      1.      On August 19, 2020, this Court granted preliminary approval of the Settlement.  (ECF

3  No. 21.)  The claims brought by Plaintiff are set forth in that order and will not be repeated here.

4  Plaintiff's Motion for Attorneys' Fees (ECF No. 23) and Motion for Final Approval (ECF No. 25) were

5  timely filed and posted to both this Court's website and the Settlement Claims Administrator's website

6  for interested Class Members to review.  No objections to Plaintiff's motions were filed.

7      2.      The Court finds that the Settlement was reached after arm's-length negotiations between

8  the Parties, including a full-day mediation before experienced class action mediator David Rotman; the

9  proposed Settlement occurred only after counsel for the Parties conducted adequate investigation and

10  formal discovery; and the Settlement of this action, as embodied in the terms of the Settlement, is finally

11  approved as fair, reasonable, and adequate and in compliance with all applicable requirements of the

12  Federal Rules of Civil Procedure and any other applicable law, and in the best interests of the Class

13  Members.

14      3.      Plaintiff Jennifer Modica is confirmed as Class Representative.

15      4.      Mayall Hurley P.C., by and through Lead Counsel Jenny D. Baysinger and Robert J.

16  Wasserman are confirmed as Class Counsel.

17      5.      Phoenix Class Action Administration Solutions is confirmed as Administrator of the

18  Settlement.

19      6.      Prior to granting preliminary approval, the Court evaluated the standards for class

20  certification.  Nothing has been raised subsequently that might affect the Court's prior analysis as to

21  whether certification is appropriate here, and the Court has no cause to revisit that analysis.  The Court

22  finds that final certification as to the following classes and subclasses, collectively referred to as the

23  Class is appropriate under Rule 23:

24

25

26  _____

27  [1]      All terms used in this Order Granting Final Approval of Class Action Settlement, Attorneys' Fees, Costs, and Service Payment (the "Order") shall have the same meanings given those terms in the Parties' Joint Stipulation of Class and Representative Action Settlement Agreement and Release of

28  Claims ("Settlement Agreement" or "Settlement"), a copy which is attached as Exhibit A to the Declaration of Jenny D. Baysinger in Support of Plaintiff's Motion for Final Approval.

1         a.  All current and former California non-exempt employees of Defendant who (i) worked

2             double time or used paid sick leave during a workweek when he/she also earned shift

3             differentials, non-discretionary bonuses, or other remuneration on at least one occasion

4             between October 1, 2017 and March 13, 2020; and/or (ii) received a wage statement

5             during a pay period when he/she either (a) earned shift differentials and/or (b) worked

6             overtime between January 22, 2018 and March 13, 2020 (the "Class");

7           i.  All current and former California non-exempt employees of Defendant who

8                worked more than twelve (12) hours in a workday and/or more than eight (8)

9                hours on the 7th consecutive day worked in the workweek during a workweek

10               when he/she also earned shift differentials, non-discretionary bonuses, or other

11               remuneration on at least one occasion between October 1, 2017 and March 13,

12               2020 (the "DoubleTime Subclass");

13          ii.  All current and former California non-exempt employees of Defendant who were

14               eligible for and used paid sick leave during a workweek when he/she also earned

15               shift differentials, non-discretionary bonuses, or other remuneration on at least

16               one occasion between October 1, 2017 and March 13, 2020 (the "Sick Pay

17               Subclass");

18         iii.  All individuals who are members of the DoubleTime Subclass or the Sick Pay

19               Subclass and separated from employment at any time between October 1, 2017

20               and March 13, 2020 (the "Former Employee Subclass"); and

21         iv.  All current and former California employees of Defendant who received a wage

22               statement during a pay period when he/she either (i) earned shift differentials

23               and/or (ii) worked overtime between January 22, 2018 and March 13, 2020 (the

24               "Wage Statement Subclass").

25     7.    The Court reviewed Class Notice that was proposed when the Parties sought preliminary

26  approval of the Settlement and found it sufficient.  The Court-approved Notice informed the Class

27  Members of the Settlement terms, the claims they would be releasing if they chose to participate in the

28  settlement, their rights to opt-out of, comment on or object to the Settlement, and their rights to appear at

1   the Final Approval Hearing and be heard regarding the Settlement.  Adequate periods of time to respond

2   and to act were provided by each of these procedures.  A website was created and maintained which

3   provided Class Members the ability to obtain additional information regarding the Settlement and to

4   access pertinent pleadings.

5           8.      The Administrator sent Notice to 1,264 individuals on September 15, 2020.  Notice was

6   effectuated on all 1,264 Class Members; 100% of the Class Members received Notice.  (*See* ECF No.

7   23-4.)

8           9.      The Court concludes that adequate notice was provided to the Class here.  *Silber v.*

9   *Mabon*, 18 F.3d 1449, 1453–54 (9th Cir. 1994) (noting the court need not ensure all class members

10   receive actual notice, only that "best practicable notice" is given); *Winans v. Emeritus Corp.*, No. 13-cv-

11   03962-HSG, 2016 WL 107574 *3 (N.D. Cal. Jan. 11, 2016) ("While Rule 23 requires that 'reasonable

12   effort' be made to reach all class members, it does not require that each individual actually receive

13   notice.").  The Court accepts the Administrator Declaration and the Supplemental Administrator

14   Declaration and finds sufficient notice has been provided so as to satisfy Federal Rule of Civil Procedure

15   23(e)(1).

16          10.     Only one Class Member submitted a valid and timely opt-out.  As such, the following

17   individual will not be bound the Settlement and has not waived any of the Released Claims by virtue of

18   the Settlement:

19               a.   Jason Weisensell

20          11.     None of the Class Members have raised any objection to the Settlement.

21          12.     The Settlement contemplates a PAGA allocation $10,000, which will be distributed

22   $7,500 to the LWDA, and $2,500 to the Class.  The proposed allocation is fair and reasonable, serves

23   the deterrent and punitive purposes of the PAGA, is within the range commonly approved by state and

24   federal courts, and is confirmed.

25          13.     The Court also approves payment to the Administrator in the total amount of $14,000, to

26   be paid from the Maximum Settlement Amount.

27          14.     The proposed Service Payment of $15,000 to Plaintiff, 1% of the Maximum Settlement

28   Amount, for her service as Class Representative is approved.

15. Class Counsel's request of attorneys' fees in the amount of 1/3 of the Maximum Settlement Amount, or $500,000, and declared costs of $16,000.05, are approved.

16. In accordance with the terms of the Settlement, as of the Effective Date, Participating Class Members will forever and completely release and discharge Defendants and Released Parties from the Released Claims.  Additionally, Plaintiff, on behalf of herself, the LWDA, and the other aggrieved employees in the State of California, will release Defendant and Released Parties from the Released PAGA Claims.

17. Participating Class Members shall be permanently enjoined and restrained from and against initiating or pursuing against Defendant any individual, representative, or class claims released by this Settlement.

18. Final Judgment is hereby entered based on the Parties' Settlement.  The Court retains jurisdiction, however, to enforce the terms of the Settlement, and ensure that its terms and this Order are carried out.

DATED:  January 5, 2021

Troy L. Nunley
United States District Judge